ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 2, 2014

The Honorable R. Lowell Thompson
Criminal District Attorney
Navarro County Courthouse
300 West 3rd Avenue, Suite 203
Corsicana, Texas 75110

Opinion No. GA-1036

Re: Whether Texas Constitution article XVI, section 40 prohibits a constable from serving as a commissioner of an emergency services district (RQ-1137-GA)

Dear Mr. Thompson:

You ask whether Texas Constitution article XVI, section 40 prohibits a Navarro County constable from serving as a commissioner of an emergency services district ("ESD").[1] Article XVI, section 40 provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). The constitutional dual office-holding prohibition applies if both positions (1) qualify as "civil offices," and (2) are entitled to an "emolument." *Id.* This office has previously determined that a constable holds a civil office of emolument, and your request letter does not question this conclusion. Tex. Att'y Gen. Op. No. GA-0540 (2007) at 2; *see also* TEX. LOC. GOV'T CODE ANN. § 154.001 (West 2008) (defining a constable as a "precinct officer"); TEX. CONST. art. XVI, § 61(b) (mandating that constables be paid on a salary basis). Instead, you question whether the position of ESD commissioner is also an office of emolument subject to article XVI, section 40. *See* Request Letter at 2.

To address your question, we first examine whether an ESD commissioner is an "officer" for purposes of article XVI, section 40. The determinative factor distinguishing an "officer" from an employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). This office has previously determined that ESD commissioners meet the *Aldine* test and are thus public officers. *See* Tex. Att'y Gen. Op. No. DM-114 (1992) at 5 (noting the various governmental powers conferred upon an ESD board to be exercised for the benefit of the public largely

---

[1]*See* Letter from Honorable R. Lowell Thompson, Navarro Cnty. Crim. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (July 23, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

independent of the control of others); *see also, e.g.,* TEX. HEALTH & SAFETY CODE ANN. §§ 775.031(a) (West Supp. 2013) (authorizing a district to acquire and sell real and personal property; appoint officers, agents, and employees; sue and be sued; impose and collect taxes; exercise certain specific powers relevant to emergency services; enter into contracts; borrow money; and perform other necessary acts), 775.034(a) (providing that commissioners serve as the district's governing body).

Next we determine whether an ESD commissioner holds an office of "emolument." An emolument is "a pecuniary profit, gain or advantage." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994). While the reimbursement of actual expenses does not constitute an emolument, any amount received in excess of actual expenses is an emolument. Tex. Att'y Gen. Op. No. GA-0540 (2007) at 2. Likewise, an amount received as a flat payment per meeting or a fixed per diem allowance is also an emolument. Tex. Att'y Gen. Op. No. GA-0032 (2003) at 2. An ESD commissioner "is entitled to receive compensation of not more than $50 per day for each day the commissioner actually spends performing the duties of a commissioner" up to a maximum amount, and additionally "may be reimbursed for reasonable and necessary expenses incurred in performing official duties." TEX. HEALTH & SAFETY CODE ANN. § 775.038(a) (West 2010). In lieu of this arrangement, "a commissioner may elect to receive per diem compensation of $50 for each day the commissioner actually spends performing the duties of a commissioner" up to a maximum amount, although by doing so, a commissioner forfeits any reimbursement for reasonable and necessary expenses. *Id.* § 775.038(b). Under either scenario, an ESD commissioner receives compensation for his or her services and thus holds an office of emolument.[2]

Because a constable also holds a civil office of emolument, article XVI, section 40 of the Texas Constitution prohibits a person from simultaneously serving as a constable and a commissioner of an emergency services district. Because we conclude that article XVI, section 40 prohibits the dual service about which you ask, we need not consider your question under the common-law doctrine of incompatibility. *See* Request Letter at 2 (referencing the common-law standard of incompatibility).

---

[2]You express concern that the creation of an ESD by virtue of an election and the fact that vacancies on the ESD board are filled by appointment of the commissioners court may affect whether a Navarro County ESD commissioner holds a civil office of emolument. Request Letter at 2. However, neither of these facts alters the sovereign functions of government conferred by statute on ESD commissioners or their right to compensation.

## S U M M A R Y

Article XVI, section 40 of the Texas Constitution prohibits a person from simultaneously serving as a constable and a commissioner of an emergency services district.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee